UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>Petitioner,<br><br>v.<br><br>ADAMS, et al.,<br><br>Respondents. | No. 2:21-cv-1308 KJM CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a Napa State Hospital detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

On March 8, 2022, the court recommended that this action be dismissed for plaintiff's failure to update his address. A review of the record before the court including the objections filed by petitioner on March 16, 2022, reveals petitioner did keep the court apprised of his address. Accordingly, the court's March 8, 2022 findings and recommendations will be vacated.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

First, petitioner asserts claims concerning conditions of confinement at the El Dorado County Jail while he was a pretrial detainee. Conditions of confinement claims generally must be

/////

1

1  raised in an action for violation of civil rights under 42 U.S.C. §1983, not a petition for writ of
2  habeas corpus.  Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016).  There does not appear to
3  be any reason to deviate from that rule here.

4       As for any claim concerning the fact or duration of his confinement, which is a proper
5  habeas claim, id., petitioner asserts he was falsely arrested and subject to exorbitant bail.
6  But, federal courts cannot interfere with pending state criminal proceedings, absent extraordinary
7  circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46
8  (1971).  Irreparable injury does not exist in such situations if the threat to plaintiff's federally
9  protected rights may be eliminated by his defense of the criminal case.  Moreover, "even
10 irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both
11 great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

12      "The Younger doctrine was borne of the concern that federal court injunctions might
13 unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d
14 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most
15 unusual circumstances is a defendant entitled to have federal interposition by way of injunction or
16 habeas corpus until after the jury comes in, judgment has been appealed from and the case
17 concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury
18 v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980).

19      Here, petitioner does not present the extraordinary circumstances necessary for this court
20 to be justified in reviewing ongoing state court proceedings.

21      Also, before this court can grant habeas relief as to any claim, the claim must be presented
22 to and rejected by the California Supreme Court.  See Picard v. Connor, 404 U.S. 270, 276
23 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  That has not occurred.

24      For these reasons, the court will recommend that petitioner's petition for writ of habeas
25 corpus be summarily dismissed and this case be closed.

26      Accordingly, IT IS HERBY ORDERED the court's March 8, 2022 findings and
27 recommendations are vacated.

28 /////

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 22, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
crai1308.114

3